The document below is hereby signed.

Signed: September 07, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
SANDRA LESLIE VELVEL,          )     Case No. 10-00513
                               )     (Chapter 7)
              Debtor.          )     **Not for Publication in**
                               )     **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER
RE TRUSTEE'S OBJECTION TO EXEMPTIONS

The trustee has objected to the debtor's exemptions.

I

The trustee has objected to the exemption of tenants by the entirety property claimed by the debtor as exempt under 11 U.S.C. § 522(b)(3)(B).  The debtor responds that the debtor is reaffirming the sole jointly owed debt that the debtor and his spouse owe and that could be enforced against this property under non-bankruptcy law.  Although not cited by the debtor, the decision in *In re Rentfro*, 234 B.R. 97 (Bankr. W.D. Mo. 1999), appears to support the debtor's position.  But I will give the trustee an opportunity to brief the issue (and to suggest limitations to protect the trustee in the event that I follow *In re Rentfro*, such as disallowing the exemption to the extent that

additional joint debts are discovered).

                                    II

    The trustee has also objected that:

    Debtor has also used DC Code 15-501(a)(2) to claim as
    exempt an engagement ring valued at approximately
    $8,000.  However that sub-section of the statute limits
    the value of any one item to $425 and thus precludes
    the use of 15-501(a)(2) for any value over $425.

In fact, the debtor only claimed $1,950 of the ring's value as

exempt under § 15-501(a)(2).  Nevertheless, the issue still

exists whether the exemption of the ring under that provision

should have been limited to $425.

    The pertinent language of D.C. Code § 15-501(a)(2) allows an

exemption of:

    the **debtor's interest, not to exceed $425 in value, in
    any particular item or $8,625 in aggregate value in
    . . . household goods** . . . that are held primarily for
    the personal family or household use of the debtor
    . . . .

[Emphasis added.]  The debtor argues that "[t]he plain reading of

D.C. Code Ann. § 15-501(a)(2) allows a debtor to exempt $425 for

any particular item or up to $8,625 in the aggregate of all items

exempted under that section."

    Except for the placement of commas (and the differing dollar

amounts), this provision is quite similar to 11 U.S.C. §

522(d)(3),[1] which allows an exemption of:

> The **debtor's interest, not to exceed $550 in value in any particular item or $11,525 in aggregate value, in . . . household goods** . . . that are held primarily for the personal, family, or household use of the debtor . . . .

The federal exemption provision has been interpreted as allowing "an exemption of up to $550 in value of any particular item and up to $11,525 overall" in household goods.  4 Collier on Bankruptcy (16th ed.) ¶ 522.09[3] (footnotes omitted).  Except for the dollar amounts, the statutes' dollar limitations of the exemption would be identical but for the one comma appearing in the limitation of the exemptible amount in D.C. Code § 15-501(a)(2) to "$425 in value, in any particular item or $8,625 in aggregate value."  This insertion of a comma does not alter the meaning of the statute in the D.C. statute versus the federal statute.  Indeed, the comma appears to be a scrivener's error because there is no companion comma to indicate what the comma (if it was not an error) was attempting to set off as a separate idea.  But I will give the debtor an opportunity to address this issue further.

---

[1]   In D.C., there is no separate provision like 11 U.S.C. § 522(d)(4) for the exemption specifically of jewelry. Accordingly, there is no issue of whether the debtor must resort to such a specific provision to exempt jewelry.  *See In re Lynch*, 139 B.R. 868 (Bankr. N.D. Ohio 1992).

3

III

It is thus

ORDERED that by September 27, 2010, the parties, if they do not reach a consensual resolution of this matter, may file memoranda addressing the issues discussed above.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee.